UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 07-152-03 (ESH) |
| ) | |
| JAMES LAWRENCE PARKER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant James Lawrence Parker, along with six others others, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP") in violation of 21 U.S.C. § 846, an offense punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. At the government's request, a detention hearing was held on June 22, 2007, before Magistrate Judge John M. Facciola, at which time Judge Facciola ordered Parker held without bond pursuant to 21 U.S.C. § 3142(e). Parker thereafter filed a motion to set conditions of release and revoke Judge Facciola's order of detention under 18 U.S.C. § 3145(b), which the government opposed. The Court held a hearing on the motion on September 25, 2007, at the conclusion of which the Court issued an oral ruling denying defendant's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

### DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e).

As found by the grand jury, there is probable cause to believe that Parker was part of a conspiracy to distribute and possess with intent to distribute PCP, a violation of the Controlled Substance Act punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. Having considered the government's proffer, regarding the wealth of evidence against this defendant, the Court is satisfied that there is substantial evidence connecting Parker to Anthony Maurice Suggs, the subject of an extensive federal narcotics investigation involving a wiretap on Suggs' cell

phone, as well as interceptions in and around Suggs's Chevrolet Tahoe. As set forth in the government's opposition, Parker and Suggs spoke regularly about drug distribution through the four-month period during which Suggs' telephone was monitored. Additionally, law enforcement conducted two controlled purchases of PCP from Parker, with the assistance of a cooperating witness. The first involved the purchase of four ounces of PCP for $1400 and the second involved the purchase of eight ounces of PCP for $2000. Finally, eight ounces of PCP, two ounces of marijuana, and various narcotics packaging materials were seized from Parker's residence. This evidence is sufficient to support a finding that Parker played more than a minor role in a PCP drug ring and was a knowing participant in a large drug conspiracy. Accordingly, in determining whether Parker's continued detention is warranted, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e).

In attempting to rebut this presumption, Parker stresses his health problems, which include diabetes, asthma, and hypertension, and his ties to the community. Parker has a residence, which he shares with his girlfriend, and his family has obtained an offer of employment for him in the area. Parker therefore argues that his appearance in court could be reasonably assured should this Court order him placed under electronic home detention or in a halfway house.

Although the Court appreciates that Parker has medical conditions for which he requires ongoing medication and treatment, his health problems cannot be dispositive here. Parker can receive the medical treatment he requires while detained at the Correctional Treatment Facility. The Court expects that counsel will notify the Court if Parker experiences problems in receiving needed medical treatment.

Furthermore, the defendant's "history and characteristics" is only one of four factors that the Court must consider in determining the appropriateness of pretrial detention, and the remaining factors speak to the need for detention in this case. First, the offense charged is serious, involving a controlled substance and potential life imprisonment. *See* 18 U.S.C. § 3142(g)(1). Second, the evidence seized from Parker's home, which included both marijuana and PCP, as well as drug packaging material, shows that the government's case against him is strong. *See id.* § 3142(g)(2). Finally, Parker has been indicted as a member of a large-scale drug conspiracy, which constitutes a serious threat to the community. When these factors are considered together, it is clear that Price cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention [Dkt. 46] is hereby **DENIED**. In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

                                                  _/s/ Ellen S. Huvelle_
                                                  ELLEN SEGAL HUVELLE
                                                  United States District Judge

Date: September 25, 2007

cc: Magistrate Judge John M. Facciola